UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LANDON MATT FULLER (DOC #629415)** | **DOCKET NO. 5:16-cv-420; SEC. "P"** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JERRY GOODWIN** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Petitioner Landon Matt Fuller (DOC #629415) is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Fuller filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the court of conviction lacked subject-matter jurisdiction to convict him, and/or the State of Louisiana lacked standing to prosecute him. (Doc. 1).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual and Procedural Background**

Because Petitioner challenges his conviction, he was instructed to amend his petition on a § 2254 form, or to withdraw the § 2241 petition. (Docs. 2, 4).

In response to the Court's order to amend (Doc. 2), Petitioner asked that the Court either allow him to proceed with the § 2241 petition or grant him an extension of time within which to file at § 2254 petition. (Doc. 3). The motion was denied to the extent that Petitioner sought to proceed with a § 2241 petition, but was granted to the extent that Petitioner was provided 30 additional days within which to submit a § 2254 petition on the form provided by the Clerk of Court and to provide copies of documents to establish exhaustion. (Doc. 4).

1

On September 19, 2016, Petitioner filed a motion to amend/correct his petition, which was granted. Nonetheless, Petitioner merely submitted another § 2241 form, without any documents to show exhaustion of his federal constitutional claims, as instructed.

The undersigned recommended dismissal under Rule 41 of the Federal Rules of Civil Procedure for Petitioner's failure to comply with the Court's orders. (Doc. 7). Petitioner subsequently submitted a § 2254 form, as instructed, but still failed to show exhaustion of any federal constitutional claims. (Doc. 9).

**Law and Analysis**

According to his amended § 2254 petition (Doc. 9), Fuller entered a plea of guilty to forcible rape on December 10, 2014, in the Fifth Judicial District Court, Franklin Parish. (Doc. 9, p. 1). He was sentenced to 25 years of imprisonment. (Doc. 9, p. 1). Petitioner did not appeal his conviction or sentence, so his conviction became final for AEDPA purposes on or about January 10, 2015, thirty days after Fuller was sentenced in state court.

Petitioner had one year from the date his conviction became final within which to file a § 2254 petition in federal court. Petitioner's first habeas petition in this Court was filed on March 29, 2016, after the one year deadline had expired. Thus, it appears that the habeas petition is time-barred. Even if Petitioner was entitled to statutory or equitable tolling, it does not appear that Petitioner properly exhausted his claims pursuant to § 2254, which also subjects his petition to dismissal.

Furthermore, even if Petitioner's claim was timely and properly exhausted, it would still fail on the merits. Petitioner argues: "The State of Louisiana failed to establish subject-matter jurisdiction on the face of the record." Petitioner provides no factual or legal support for this claim. Louisiana law provides: "Courts have the jurisdiction and powers over criminal proceedings that

are conferred upon them by the Louisiana Constitution and statutes." La. Code Cr. P. art. 16. The Louisiana Constitution grants original jurisdiction to Louisiana's district courts over all civil and criminal matters, and exclusive original jurisdiction over felony cases, such as Petitioner's. La. Const. art. V, § 16. Therefore, Petitioner's jurisdictional claim lacks merit.

Likewise, Petitioner's claim that the district attorney lacked standing to institute prosecution is meritless. The district attorney's discretionary prosecutorial authority is vast. "Except as otherwise provided by this constitution, a district attorney, or his designated representative, shall have charge of every criminal prosecution by the state in his district." La. Const. art. V, § 26(B). "Under the Louisiana constitution it is the district attorney who is charged with the duty of seeking out potential criminals and bringing them to trial for their alleged wrongs." Bd. of Comm'rs of Orleans Levee District v. Connick, 94–3161 (La. 3/9/95), 654 So.2d 1073, 1080. "The constitutional role of the district attorney is incipient to the criminal process; his decision to file charges in a court of criminal jurisdiction is the event which incites a trial court's exercise of that jurisdiction." Id.

"Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. C. Cr. P. art. 61. The decision to take any action to prosecute or not prosecute is within the district attorney's constitutionally granted powers. See State v. Hayes, 2010-1538 (La. App. 4 Cir. 9/1/11), 75 So. 3d 8, 13, writ denied, 2011-2144 (La. 3/2/12), 83 So. 3d 1043 (citing Briede v. Orleans Parish Dist. Attorney's Office, 04–1773, p. 5 (La.App. 4 Cir. 6/22/05), 907 So.2d 790, 793). Therefore, Petitioner's claim that the district attorney lacked standing is without merit.

Thus, even if Fuller's petition was timely and his claims properly exhausted, the petition

would still be subject to dismissal as frivolous.

## Conclusion

Because Petitioner submitted a § 2254 petition, albeit untimely, the prior report and recommendation (Doc. 7) is hereby WITHDRAWN. Additionally, for the foregoing reasons, IT IS RECOMMENDED the § 2254 petition be DENIED and DISMISSED, with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    **THUS DONE AND SIGNED**, in chambers, at Monroe, Louisiana, on this 29th day of November, 2016.

                                        Karen L. Hayes
                                        United States Magistrate Judge